## PETITION OF GOFFSTOWN.

In a petition for the discontinuance of a highway, if the commissioners find that no change has occurred since the highway was laid out, substantially affecting the expediency of laying the same, that is an end of their inquiries, and they will report that fact to the court.

But if changes are proved, affecting the expediency of laying out the highway, then the commissioners will go farther and inquire what the state of facts was, existing at the time the road was laid out, in order to see how the changes affect those facts.

The same change of circumstances that would warrant the discontinuance of a highway in one case, might be entirely insufficient in another, depending on the degree of necessity there was for the original laying out of the highway.

PETITION of Goffstown for leave to discontinue a road laid out on the petition of Eliphalet Jones and others.

The petition was referred to the county commissioners at the May term, 1861, under the usual commission, and a hearing was had, and at the September term, 1861, the commissioners report that they had decided that no changes had occurred since said highway was laid out that materially affected the circumstances connected with the laying out of said highway, and in their opinion said highway should not be discontinued. They also reported that in their opinion the only question committed to them by the court was, whether sufficient change of circumstances had occurred, since it was laid out, to demand a discontinuance, and that they considered no other question than a change of circumstances.

To this report the town excepted, because the said commissioners only considered whether any change had occurred, upon the ground that that was the only question committed to them by the court.

This exception was overruled, and the town excepted, and the questions of law were reserved.

*Cross & Topliff*, for Goffstown, cited *Hopkinton* v. *Smith*, 15 N. H. 156 ; *Petition of Hopkinton*, 27 N. H. 138 ; *Hampstead's Petition*, 19 N. H. 346 ; *Bethlehem's Petition*, 20 N. H. 210 ; *Petition of Boscawen and Canterbury*, 33 N. H. 422.

*Morrison, Stanley & Clark*, for Jones and others.

SARGENT, J.   It is objected here that the commissioners have not followed their instructions because they did not hear the whole evidence that the parties desired to lay before them, the evidence bearing upon the expediency of laying out the road originally, of course, with the rest, and then decide upon the whole evidence.

But we think the commissioners did right in this case, provided their instructions were right.   They were instructed " to inquire and report to the court whether any change of circumstances, in any matter affecting the expediency of laying said highway, has occurred since the same was laid out, so that the same is no longer necessary, and should be discontinued by reason of such change of circumstances, and if so, to report the nature of the change, with the particular circumstances, and how they affect the case."

Now by these instructions the commissioners are, in the first instance, confined simply and wholly to changes in the circumstances since the road was laid.   It is to be assumed that the road was properly laid out at the time it was laid, and no inquiry on that point is to be made, and no such question is to be decided by a subsequent board.

The first question, on a petition for discontinuance, for the commissioners is, have any changes occurred since the same was laid out, in any matter affecting the expediency of laying out said highway ; and if the commissioners find that fact in the affirmative, then they are to go a step further, and find how those changes affect the case ; and in order to determine that point, it becomes necessary to inquire into the facts as they existed at the time the road was laid out, in order to see how far and to what extent the changes that have been first shown, affect such facts.

But in case the commissioners find the first question in the negative, that there have been no changes that affect the expediency of laying the road, then they have nothing further to do but to report that fact, and the door is not opened to them to make any inquiries into the facts and circumstances which existed at the time the road was laid out, as those facts are nothing to them.

In this case, the commissioners find that no changes had occurred since the highway was laid out that materially affected the question of the laying out of the same, and having found that fact, there was no occasion to go any further, and they did right in stopping there.   Had they found that there had been changes that really affected the expediency of laying out, then they must have gone further, and decided how they affected the case, and, of course, must

have inquired what the case was that existed when the road was laid out, in order to see how such changes affected it.

It is undoubtedly true that there is a difference in the degree of necessity which calls for the laying out of different highways. In one case the necessity is so great that, under the circumstances of the case, no changes, however great, would warrant its discontinuance; while in another case, it might have been a matter of mere doubt in the first instance, and where a comparatively slight change, provided it was shown to be a change which in fact substantially affected the expediency of laying the road, might be sufficient to warrant a discontinuance.

We do not understand that by these instructions the commissioners have any jurisdiction to inquire into the merits of the original laying out, until it is proved that some changes have occurred, such as will in some way and to some extent substantially affect the expediency of the original laying out, and that question being found in the negative, is the end of the commissioners' inquiries.

The reasons why this rule was made, are too apparent to need comment. If a report of one board of commissioners, laying out a road, and judgment on the report, was not held to be a final and conclusive decision of the question of the expediency of laying out the road at that time, there would be no end to the hearings that would be had in every litigated case; and our impression is, that if no such rule had existed hitherto, it would be the duty of the court or legislature to make one, with similar provisions, without delay.

But the principal argument of the defendant's counsel is upon the power and authority of the court to make the rules.

It has never been seriously questioned, that we are aware of, that the court had the authority, under their general power "to make from time to time all necessary rules and orders for conducting the business in said court," to make the rule in question; and, although it has now been in force over twenty years, and has been acted on in every case of a petition for the discontinuance of an unconstructed highway during that time, yet there has never seemed any cause for modifying or changing it. It has been cited and approved in the various cases cited by the counsel for the town. Its practical workings have been so beneficial that the legislature, though often importuned by interested parties and counsel, to change the laws on that point, have never seen fit to do so. Some such rule or statute is evidently necessary to prevent interminable litigation in that class of cases.

We can not doubt that the rule was made upon competent authority; is necessary in practice, and salutary in its operation. Exceptions overruled and judgment on the report.